**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHERYL BROOM, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>INTERACT COMMUNICATIONS, INC.,<br><br>        Defendant. | Case No.:  20-CV-2182 W (AGS)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PLAINTIFFS' CLAIMS [DOC. 5]** |

    Pending before the Court is a motion to dismiss or, in the alternative, stay this case based upon a previously filed and currently pending Wisconsin state court action, *Interact Communications, Inc. v. Cheryl Broom and Christopher Walker*, La Crosse County Case No. 2020cv000342. [Doc. 5.] Plaintiffs oppose. The Court decides the matters on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **DENIES** Defendant's motion. Plaintiffs' request for judicial notice of state public records in support of their opposition is **GRANTED**.

I.      **BACKGROUND**

On February 1, 2017, Defendant Interact Communications, Inc. ("Interact") entered into an employment contract with Plaintiff Cheryll Broom ("Broom") whereby Broom became the President of Interact and opened an office in California. (*Compl.* [Doc. 1] ¶¶ 6, 8; *Broom Employment Contract* [Doc. 1-2, Ex. A].) The agreement included terms restricting Broom from competing with Interact after termination. (*Compl.* ¶ 7; *Broom Non-Compete Agreement* [Doc. 1-2, Ex. B].) The Broom Employment Contract and Non-Compete Agreement were negotiated and signed in California; Broom's office was in California; Broom performed all of Broom's duties in and from California; and Broom was employed by Interact in California. (*Compl.* ¶ 9.)

On January 31, 2019, Broom's husband, Plaintiff Christopher Walker ("Walker") entered into an employment contract with Interact whereby Walker became the Director of Digital Marketing and Communications for Interact. (*Compl.* ¶ 11; *Walker Employment Contract* [Doc. 1-2, Ex. C]. The Walker Employment Contract also included a covenant not to compete. (*Walker Employment Contract* at 31.) The employment contract was negotiated in California and Walker performed substantially all of his duties in and from California. (*Compl.* ¶ 12.)

On July 20, 2020, Broom submitted her resignation from Interact. (*Id.* ¶ 8.) Walker submitted his resignation the next day. (*Id.* ¶ 11.)

On August 6, 2020, Interact filed a complaint in the State of Wisconsin against Plaintiffs to enforce the covenants not to compete and for breach of the covenant of good faith and fair dealing, breach of fiduciary duty, tortious interference with contract, and civil conspiracy. (*Id.* ¶ 44; *Wisconsin Action* [Doc. 1-2, Ex. D).)

On November 6, 2020, Plaintiffs filed this complaint seeking a declaration that the non-compete provisions in their employment contracts are invalid under California Business and Professions Code § 16600 and for breaches of California Labor Code § 925 and Business and Professions Code § 17200. Broom also alleges Interact breached her employment contract by failing to provide her an accounting of the outstanding revenues

on her sales and for failing to pay her any earned commissions since her resignation. (*Id.* ¶ 18.)

On December 3, 2020, Interact filed the instant motion to dismiss or, in the alternative, to stay. (*MTD* [Doc. 5].)

II. **DISCUSSION**

Interact contends this case should be dismissed or stayed in its entirety based upon the doctrines embodied in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) or, alternatively, *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

A.  Abstention Under *Wilton* Is Not Appropriate

Interact first argues that the Court should dismiss or stay the action under the *Wilton* abstention doctrine. Typically, "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Wilton, 515 U.S. at 282 (quoting Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942). However, if the suit seeks more than merely declaratory relief, the *Wilton* abstention doctrine does not apply. Snodgrass v. Provident Life & Accident Ins. Co., 147 F.3d 1163, 1167 (9th Cir. 1998). "To determine whether a suit exclusively seeks declaratory relief, we ask 'whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case.'" Seneca Ins. Co., Inc. v. Strange Land, Inc., 862 F.3d 835, 840 (9th Cir. 2017) (quoting Snodgrass, 147 F.3d at 1167–68); see also R.R. St. & Co. v. Transp. Ins. Co., 656 F.3d 966, 976–77 (9th Cir. 2011) ("[I]f the same action contains claims for both monetary and declaratory relief, the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief.").

Interact argues the *Wilton* doctrine applies because "[t]he declaratory relief sought herein by Broom and Walker constitutes the overwhelming basis for this action." (*MTD* 12:8–9.) This is not the test. The test is whether there are "claims that would continue to exist if the request for a declaration simply dropped from the case." Snodgrass, 147 F.3d at 1168. Plaintiffs' suit includes claims for breach of contract, breach of California Labor Code § 925, and breach of Business and Professions Code § 17200. The Court has diversity jurisdiction over Plaintiff's claims, which would still exist without the declaratory judgment claim. Moreover, Plaintiffs "have unfailingly sought damages, bringing [their] suit squarely within the *Colorado River* framework." Seneca Insurance, 862 F.3d at 841. The presence of Plaintiffs' non-declaratory claims and prayer for damages defeats Interact's *Wilton* abstention argument.

### B.     Abstention Under *Colorado River* Is Not Appropriate

Interact next seeks to dismiss or stay this action in favor of the pending Wisconsin state court action based on the *Colorado River* doctrine. Generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . ." Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (internal quotation marks omitted). "[F]ederal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given them, including in cases involving parallel state litigation." Id. However, in "exceedingly rare circumstances" federal courts may stay a case where a concurrent state action with identical issues is pending. Id.

*Colorado River* and subsequent Ninth Circuit opinions have identified eight non-exhaustive factors to be considered on a motion to stay or dismiss under *Colorado River*:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of

>the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

Seneca Ins., 862 F.3d at 841–42 (quoting R.R. Street, 656 F.3d at 979).  Factors that are irrelevant to the particular inquiry are disregarded.  Id. at 842.  "Any doubt as to whether a factor exists should be resolved against a stay, not in favor of one."  Id. (citation omitted).

The circumstances surrounding this case are not so exceptional to warrant a stay under *Colorado River*.  This case, in large part, is centered in California.  Plaintiffs' contracts were negotiated and signed in California; their offices were in California; and they performed all of their duties in and from California.  Plaintiffs allege claims based on California law not alleged in the Wisconsin case: unfair competition under Business and Professions Code § 17200 and breach of California Labor Code § 925.  California Labor Code § 925 stipulates, "[a]n employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would . . . [d]eprive the employee of the substantive protection of California law with respect to a controversy arising in California."  Id.  Plaintiffs claim Interact has violated this provision by filing in Wisconsin and alleging claims there in direct contravention of California's laws and strong public policy against covenants not to compete such as those contained in the Broom Non-Compete Agreement and Walker Employment Agreement.  This claim, among others, is not alleged in the Wisconsin state court action and therefore will not be protected or resolved by that action.

Interact's arguments of inconvenience and desire to avoid piecemeal litigation are unconvincing.  Interact maintains a California office and Plaintiffs allege that 80% of Interact's clients are in California.  Many, if not most, of the relevant witnesses will be in California.  Moreover, the only discovery conducted in the Wisconsin case thus far has

been narrowly confined to establishing whether Wisconsin has personal jurisdiction.[1] "A general preference for avoiding piecemeal litigation is insufficient to warrant" a stay under *Colorado River*, instead there must be a showing of special concerns that would make parallel litigation "particularly problematic." Seneca Ins., 862 F.3d at 842–43. To the extent there are any countervailing concerns here, they are greatly outweighed. The Court thus declines to abstain from exercising jurisdiction over this action.

III. **CONCLUSION**

Based on the foregoing, the Court **DENIES** Interact's motion to dismiss or, in the alternative, to stay this case. [Doc. 5.]

**IT IS SO ORDERED.**

Dated: March 1, 2021

_____
Hon. Thomas J. Whelan
United States District Judge

---

[1] Plaintiffs raise at least a colorable argument that it does not since the contracts were negotiated in California, their offices were in California, and Plaintiffs had no contact with Wisconsin other than Interact having its headquarters there.